JOHN RYAN, Respondent, *v.* EDWARD J. CONROY and Another, Appellants.

*Sales — when title passes — objections — not first heard on appeal — new trial denied, in their absence, unless injustice would result.*

In an action brought to recover the balance due upon the sale of a quantity of hay, it appeared that the hay, the amount of which was not known, was lying in the barn of the plaintiff; that one Conroy, a member of a firm, purchased all the hay at nine dollars per ton, to be paid for on demand, and paid a certain sum down, agreeing to come the next week and press and bale the hay. The plaintiff upon his part agreed that when this was done he would, upon request, draw the hay to a neighboring station, and that he would board the men and teams while engaged in pressing the hay.

Before the hay was removed from the barn it was destroyed by fire.

*Held*, that the title to the hay had passed and that the loss must fall upon the defendants.

It appeared that there was a conflict of testimony as to the amount of hay in the barn. The court charged the jury that if the plaintiff recovered he was entitled to a specific amount, to which charge the defendants' counsel did not except.

*Held*, that it was too late upon appeal to make an objection to the charge based upon the conflict as to the amount of hay.

The General Term of the Supreme Court has power to grant a new trial, although the counsel have failed to take a proper exception on the trial to the judge's charge, but this power will not be exercised unless it is manifest that injustice has been done.

APPEAL by the defendants, Edward J. Conroy and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 17th day of July, 1894, upon the verdict of a jury, rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 18th day of July, 1894, denying the defendants' motion for a new trial made upon the minutes, and also from an amended order entered in said clerk's office on the 25th day of July, 1894, denying a new trial upon the minutes.

The complaint in the action alleged that the defendants, Edward J. Conroy and Conrad Hyman, were co-partners doing business under the firm name of "E. J. Conroy & Co."

*Charles F. Tabor*, for the appellants.

*Wallace Thayer*, for the respondent.

LEWIS, J.:

The plaintiff brought this action to recover a balance claimed to be due upon the sale and delivery of a quantity of hay to the defendants on the 23d day of August, 1893. After the sale and before the hay was removed from the plaintiff's barn it was destroyed by fire, and the main question litigated was whether the title to the hay was in the defendants at the time of the fire. The hay at the time of the sale was in two bays in plaintiff's barn. He and the defendant Conroy were present in the barn and there agreed that the plaintiff was to sell and the defendant Conroy was

to purchase the hay at nine dollars per ton to be paid for upon demand. Conroy paid ten dollars down and agreed to come the next week and press and bale the hay. The plaintiff agreed that when the hay was pressed and baled and he was requested so to do he would draw it to a railroad station near by, and would board the defendants' men and teams while the hay was being pressed. After the sale and before the hay was pressed the defendant Hyman paid plaintiff fifty dollars to apply on the purchase price. The evidence was conflicting as to whether the entire quantity was sold. Plaintiff's evidence tended to show that it was all sold. The defendants' evidence tended to show that there was at the time a quantity of clover hay in one of the mows, and about 200 pounds of old mow-burned hay which was not purchased. The defendants further contended that the hay was to be paid for when delivered by the plaintiff at the railroad. The jury, upon evidence which we think was sufficient to sustain its verdict, found that the defendants purchased the entire quantity of hay and agreed to pay therefor upon demand. Defendants contended that as the quantity of hay was not known, and the plaintiff concededly was to deliver it at the railroad station and board the hands and teams while they were engaged in pressing it, it follows that the title to the hay was in the plaintiff at the time of the fire. The verdict being against the defendants we do not think their contention can be sustained. The law upon these questions seems to be so well settled that it is not deemed necessary or profitable to refer to the cases. The authorities to which our attention is called by the appellants' counsel, we think, are clearly distinguishable from this case.

The court, in charging the jury, stated the amount for which they should render a verdict if they found for the plaintiff. He undoubtedly overlooked the fact that there was a conflict in the evidence as to the amount of the hay. The witness for the defendants testified that, in his opinion, the quantity of hay was not as large as that stated by the plaintiff's witnesses. The defendants' counsel failed to call the court's attention to this conflict in the evidence and failed to take an exception to the charge. The difference in amount as estimated by the witnesses was not large. It is too late, upon appeal, for the defendants to avail themselves of this point.

Another question litigated on the trial was whether the defend-

ants were co-partners, and, as such, purchased the hay. The evidence upon this question was quite conflicting. The jury found against the defendants upon this question; there was sufficient evidence to sustain their verdict in that respect. The court charged the jury that the plaintiff could not recover unless the jury should find that the defendants were partners at the time of the purchase of the hay, or purchased it upon joint account, holding that, unless the defendants were jointly liable, there could be no recovery in the case. The defendants' counsel seems to have acquiesced in this view of the law, and failed to call attention to the error; he now asks for a new trial, so that the case can be presented to another jury with proper instructions upon this question.

This court has the power to grant a new trial, notwithstanding the failure of the defendants' counsel to take an exception to the charge; but we do not think that it is so manifest that any injustice was done to the defendants that the case should be sent back for a new trial because of this error in the charge.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment and order affirmed.